UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIEL BROWN, | ) | 1:10-cv—00283-SKO-HC |
| | ) | |
|           Petitioner, | ) | ORDER DISMISSING THE PETITION FOR |
| | ) | LACK OF PERSONAL JURISDICTION |
| | ) | OVER RESPONDENT AND PRESENCE OF |
|    v. | ) | UNEXHAUSTED CLAIMS (Doc. 1) |
| | ) | |
| CALIFORNIA, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
|           Respondent. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 26, 2010 (doc. 4).  Pending before the Court is the petition, which was filed on February 19, 2010.

I.  Background

In the petition, Petitioner challenges a criminal conviction sustained in Kings County.  Petitioner named "California" as the Respondent in this proceeding.  Because Petitioner failed to name

1

the state officer having custody of him as a respondent, on November 24, 2010, the Court issued an order granting Petitioner leave to file a motion to amend the petition to name a proper respondent within thirty days of service.  The Court's order was filed and served on Petitioner on November 24, 2010.  Over thirty days have passed since service of the order on Petitioner, but Petitioner has failed to respond to the Court's order.  In the order, the Court informed Petitioner that if he failed to comply with the direction to name a proper respondent, the petition would be subject to dismissal for lack of jurisdiction. (Doc. 8, 9.)

## II.  Dismissal for Lack of Personal Jurisdiction

Title 28 U.S.C. § 2242 provides that a petition for writ of habeas corpus shall allege the name of the person who has custody over the applicant.  Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) provides that if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.  A failure to name the proper respondent destroys personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).  The appropriate respondent where a petitioner is housed in a jail is the sheriff in charge of the facility of confinement.  Hood v. California Dept. Of Corrections, 2008 WL 1899915, *2 (E.D. Cal. April 28, 2008).

2

Here, Petitioner failed to name a proper respondent. Although Petitioner was given an opportunity to name a proper respondent, Petitioner failed to do so.

Accordingly, the petition must be dismissed for lack of personal jurisdiction over the respondent. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

### III. Dismissal for Failure to Exhaust State Court Remedies as to One Claim

#### A. Legal Standards

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365

1   (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10

2   (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>,

3   529 U.S. 362 (2000) (factual basis).

4        Additionally, the petitioner must have specifically told the

5   state court that he was raising a federal constitutional claim.

6   <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

7   (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v.</u>

8   <u>Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133

9   F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States

10  Supreme Court reiterated the rule as follows:

11       In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
12       petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
13       "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
14       internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
15       of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
16       claims under the United States Constitution. If a
         habeas petitioner wishes to claim that an evidentiary
17       ruling at a state court trial denied him the due
         process of law guaranteed by the Fourteenth Amendment,
18       he must say so, not only in federal court, but in state
         court.
19
20  <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

    further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir.
21
    2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th
22
    Cir. 2001), stating:
23
24       Our rule is that a state prisoner has not "fairly
         presented" (and thus exhausted) his federal claims
25       in state court unless he specifically indicated to
         that court that those claims were based on federal law.
26       <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir.
         2000). Since the Supreme Court's decision in <u>Duncan</u>,
27       this court has held that the petitioner must make the
         federal basis of the claim explicit either by citing
         federal law or the decisions of federal courts, even
28       if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,

                                    4

1   189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
2   Harless, 459 U.S. 4, 7... (1982), or the underlying
    claim would be decided under state law on the same
3   considerations that would control resolution of the claim
    on federal grounds, see, e.g., Hiivala v. Wood, 195
4   F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
    88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
5   at 865.
    ...
6   In Johnson, we explained that the petitioner must alert
    the state court to the fact that the relevant claim is a
7   federal one without regard to how similar the state and
    federal standards for reviewing the claim may be or how
    obvious the violation of federal law is.
8   Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

9   amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

10  2001).

11          B.   Petitioner's Claims

12       The petition concerns a four-year sentence pursuant to a

13  2008 judgment of the Superior Court of Kings County for assault

14  likely to produce great bodily injury involving Petitioner's

15  breaking the teeth of his victim.  Petitioner raises claims

16  concerning three (3) grounds in his petition: 1) he was mentally

17  incompetent at the time of his guilty plea due to insanity and

18  involuntary ingestion of medication; 2) he discovered "new"

19  evidence of medical records withheld by the correctional

20  authorities that his victim had broken teeth before the assault;

21  and 3) his attorney did not introduce him to the Court as an

22  "EOP" patient or inform the court of his level of care.  (Pet. 4-

23  5.)

24          C.   Mixed Petition

25       Whether or not Petitioner exhausted his state court remedies

26  concerning all his claims is unclear.  However, Petitioner admits

27  that he did not exhaust his third claim concerning his counsel's

28  failure to inform the court of his "EOP" status and care.  (Pet.

5.)

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th  Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims.  Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

The instant petition is at best a mixed petition containing exhausted and unexhausted claims.

By order filed on November 24, 2010, the Court informed Petitioner that the petition was subject to dismissal as a mixed petition, and the Court granted Petitioner thirty (30) days from the date of service to file a motion to withdraw the unexhausted claim or claims in the petition.  The Court informed Petitioner that if he did not file a motion to withdraw the unexhausted claim or claims, the Court would assume that Petitioner desired

1  to return to state court to exhaust the unexhausted claim and

2  would therefore dismiss the petition without prejudice.  The

3  order was served on Petitioner on November 24, 2010.  Over thirty

4  days have passed, but the Petitioner has not withdrawn the

5  unexhausted claims or sought an extension of time within which to

6  do so.

7      Accordingly, the Court must dismiss the petition without

8  prejudice as a mixed petition.

9      IV.  <u>Certificate of Appealability</u>

10     Unless a circuit justice or judge issues a certificate of

11 appealability, an appeal may not be taken to the court of appeals

12 from the final order in a habeas proceeding in which the

13 detention complained of arises out of process issued by a state

14 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

15 U.S. 322, 336 (2003).  A certificate of appealability may issue

16 only if the applicant makes a substantial showing of the denial

17 of a constitutional right.  § 2253(c)(2).  Under this standard, a

18 petitioner must show that reasonable jurists could debate whether

19 the petition should have been resolved in a different manner or

20 that the issues presented were adequate to deserve encouragement

21 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

22 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

23 certificate should issue if the Petitioner shows that jurists of

24 reason would find it debatable whether the petition states a

25 valid claim of the denial of a constitutional right and that

26 jurists of reason would find it debatable whether the district

27 court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

28 529 U.S. 473, 483-84 (2000).  In determining this issue, a court

1 conducts an overview of the claims in the habeas petition,

2 generally assesses their merits, and determines whether the

3 resolution was debatable among jurists of reason or wrong. Id.

4 It is necessary for an applicant to show more than an absence of

5 frivolity or the existence of mere good faith; however, it is not

6 necessary for an applicant to show that the appeal will succeed.

7 Miller-El v. Cockrell, 537 U.S. at 338.

8     A district court must issue or deny a certificate of

9 appealability when it enters a final order adverse to the

10 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

11     Here, it does not appear that reasonable jurists could

12 debate whether the petition should have been resolved in a

13 different manner.  Petitioner has not made a substantial showing

14 of the denial of a constitutional right.  Accordingly, the Court

15 will decline to issue a certificate of appealability.

16     V.   Disposition

17     Accordingly, it is ORDERED that:

18     1)   The petition is DISMISSED without prejudice[1] for lack of

19

20 _____

[1] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:

> [I]n the habeas corpus context it would be appropriate
> for an order dismissing a mixed petition to instruct an
> applicant that upon his return to federal court he is to
> bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a)
> and (b).  Once the petitioner is made aware of the exhaustion
> requirement, no reason exists for him not to exhaust all potential
> claims before returning to federal court.  The failure to comply
> with an order of the court is grounds for dismissal with prejudice.
> Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).  Therefore, Petitioner is

1  personal jurisdiction over the Respondent and for failure to

2  exhaust state court remedies as to at least one claim; and

3      2)   The Court DECLINES to issue a certificate of

4  appealability; and

5      3)   The Clerk is DIRECTED to close the action because this

6  order terminates the proceeding in its entirety.

7

8  IT IS SO ORDERED.

9  **Dated:    February 8, 2011**                      **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

forewarned that in the event he returns to federal court and files a mixed
petition of exhausted and unexhausted claims, the petition may be dismissed
with prejudice.